UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY RICKS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:11CV206 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], to Vacate, Set Aside or Correct Sentence.  Pursuant to this Court's Order, the government has responded to the motion to vacate.

**Movant's Claims**

Movant makes the following claims in his  Motion:

**Ground One**: Ineffective assistance of counsel-counsel failed to object to the two point enhancement which was not alleged in the indictment

**Ground Two:**   Ineffective assistance of counsel-counsel was ineffective for not objecting to three points added to the criminal history score from the state case no. 22921-03592-01.

**Ground Three:**  Ineffective assistance of counsel-failing to object and file a

motion to the Court to not count Movant's Misdemeanors towards his criminal history score.

**Ground Four:** Counsel's failure to file a notice of appeal to vacate and set aside Movant's Sentence because of incorrect criminal history score and illegal enhancement.

## Facts and Background

On July 16, 2009, an indictment was issued against Movant charging him with various violations of 21 U.S.C. §§ 841(a)(1) and 846.  Movant plead guilty, pursuant to a written plea agreement on December 1, 2009.

A presentence investigation report was prepared, as ordered by the Court and on March 1, 2010, the Court sentence Movant to 110 months incarceration. Movant did not appeal his conviction, judgment or sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Claims brought under § 2255 may also be limited by procedural

default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v.*

*Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One**

Movant argues that counsel was ineffective because she failed to object to the Presentence Investigation Report which included a two level enhancement in his base offense level under the provisions of the Sentencing Guidelines, Section 2D1.1(b)(1). Movant contends that this enhancement was required to be alleged as part of the indictment against him.

Movant's argument, however, is misplaced. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that generally, a fact that "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" is an element of a crime to be charged in the indictment and proved to a jury beyond a reasonable doubt, *Hamling v. United States*, 418 U.S. 87, rather than proved to a judge at sentencing by a preponderance of the evidence, *McMillan v. Pennsylvania*, 477 U.S. 79, 91–92. Subject to this constitutional constraint, Congress determines whether a factor is an element or a sentencing factor. *United States v. O'Brien*, 560 U.S. 218 (2010). Although Movant relies on *O'Brien*, he misses its most significant mandate: if the factor is a sentencing factor, it is to be determined by a judge at sentencing. The Court in *O'Brien* addressed the issue of the machine gun provision in 18 U.S.C. § 924, and found that this provision was indeed an element of the offense and not a sentencing factor. To the contrary herein, the two enhancement under the Sentencing Guidelines for possession of a firearm is a sentencing factor to be determined by the Court.

Independently of Movant's arguments, even assuming for the purposes of this analysis that the argument was meritorious, Movant *admitted* in the plea agreement that the two level enhancement applied to his case. The Court questioned Movant under oath regarding the voluntary nature of his plea and

whether his attorney and he went over the plea agreement. Movant stated that he was satisfied with the work his lawyer had performed and there was nothing that she should have done but didn't do with regard to his case. While Movant maintains that he stated at the sentencing hearing that he "wasn't a supplier of no guns," this statement in no way negates his admission that he was in possession of a firearm which caused the two point enhancement. Movant's first ground is meritless.

**Ground Two**

Movant argues that counsel was ineffective for not objecting to three points added to the criminal history score from the state case no. 22921-03592-01. Movant claims two of his previous convictions were constructively and functionally consolidated. He provides no proof of any such consolidation, and, as the Government correctly argues, the fact that sentences are to run concurrently with each other does not transform two cases into one. This ground is denied.

**Ground Three**

Movant argues counsel was ineffective for failing to object and file a motion to the Court to not count Movant's Misdemeanors towards his criminal history score. Again, the Government correctly argues that none of Movant's misdemeanor charges fall within those which are not to be counted against him.

This ground for relief is meritless.

**Ground Four**

Movant argues his lawyer should have filed a notice of appeal. Failing to file a notice of appeal after a client instructs his attorney to do so constitutes ineffective assistance of counsel. *Barger v. United States,* 204 F.3d 1180, 1182 (8th Cir. 2000). In such circumstances, the Petitioner need not show prejudice or likelihood of success on appeal. *Id*. However, Movant must establish that he instructed his counsel to file an appeal. "A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id*., citing *Rodriguez v. United States,* 964 F.2d 840, 842 (8th Cir.1992) (per curiam). While the Court would agree that had Movant claimed he requested counsel to file a notice of appeal and she did not, Movant does not claim he asked his attorney to do so. Indeed, the record establishes that counsel consulted with Movant and filed the certification that no appeal was to be filed. Moreover, the plea agreement sets out that Movant waived his appeal rights with respect to his conviction.

Ground Four is without merit.

## Conclusion

Based upon the foregoing analysis, Movant's claims of ineffective assistance of counsel fail to afford him relief.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplement thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 21st day of January, 2014.

                                  HENRY EDWARD AUTREY
                             UNITED STATES DISTRICT JUDGE